# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

RITHWAN BADEL,

    Plaintiff,

v.

VIACOM, INC.,

    Defendant.

Civil No. 12-640 (RHK/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a)(1). (Docket No. 2.)  The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## I. BACKGROUND

Plaintiff is attempting to sue the named Defendant, Viacom, Inc., for broadcasting a four-day television program in which Plaintiff allegedly was involved.  As far as the Court can tell, Plaintiff is claiming that he wrote the screenplay for the program, and was the star actor in the program, but he received no compensation for his efforts.  He also seems to be claiming that he was somehow sexually harassed, and physically injured, by reason of Defendant's alleged broadcast of the four-day play.  In truth, however, it is impossible to determine what Plaintiff is really claiming, because most of his complaint is simply incomprehensible.

**II. DISCUSSION**

An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

A pleading is legally frivolous, and therefore subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). The Supreme Court has held that federal courts, acting sua sponte, should not dismiss an action commenced by an IFP applicant, if the facts alleged in the applicant's pleading are merely "unlikely." Denton, 504 U.S. at 33. However, an IFP action can properly be dismissed, sua sponte, if the plaintiff's allegations are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." Id., citing Neitzke, 490 U.S. at 325, 328.

In this case, it is readily apparent that Plaintiff's complaint "rise[s] to the level of the irrational," and it is therefore legally frivolous. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(i).

This is the fourth frivolous lawsuit that Plaintiff has attempted to bring in this District during the past several weeks. (See Badel v. Time Warner, Inc., No. 12-453 (DSD/JJG); Badel v. Intel Corporation, No. 12-405 (ADM/JSM); Badel v. Sony Corporation of America, No. 12-581 (PJS/TNL).) In the last of Plaintiff's previous cases, (No. 12-581), Magistrate Judge Tony N. Leung cautioned Plaintiff that if he filed another frivolous action, his ability to file more actions might be restricted. Plaintiff has flouted that

cautionary observation by filing yet another frivolous complaint. This Court believes that it is now time to restrict Plaintiff's ability to file further actions in this District.

Pro se litigants do, of course, have a right of access to the courts. That right, however, does not ensure an unrestricted opportunity to file frivolous, malicious or abusive lawsuits. See In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988) ("there is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious'"), (quoting Phillips v. Carey, 638 F.2d 207, 208 (10th Cir.), cert. denied, 450 U.S. 985 (1981)). "Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." Tyler, 839 F.2d at 1292. Such "excessive litigation" imposes "unnecessary burdens on, and the useless consumption of, court resources." Id. A federal court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." Id. at 1292, 1293.

Given Plaintiff's recent record of filing frivolous lawsuits, it is now necessary and appropriate to protect the District Court and its staff from any further abusive submissions by Plaintiff. Therefore, the Court recommends that the presiding District Court Judge in this case should enter an order that will restrict Plaintiff's ability to file further actions in this District. This Court believes that Plaintiff should not be allowed to file any more actions in this District, unless he is represented by counsel, or obtains pre-authorization from a judge or magistrate judge.

### III.    RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.   Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2.   This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Dated:    March 23, 2012

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 10, 2012,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.